UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: MARTIN D. BORST | : | CHAPTER 13 |
| Debtor | : | |
| | : | |
| JACK N. ZAHAROPOULOS | : | |
| STANDING CHAPTER 13 TRUSTEE | : | |
| Movant | : | |
| | : | |
| MARTIN D. BORST | : | |
| Respondent | : | CASE NO. 1-24-bk-02783 |

## TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 13th day of December 2024, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtor(s)' Plan for the following reason(s):

1. Debtor(s)' Plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that the Debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and avers that Debtor(s)' disposable income is greater than that which is committed to the Plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

   a. Mortgage expense should not be listed on Schedule J since it is being paid through the Plan.

2. Failure to properly state the liquidation value in Section 1B of the Plan. The Trustee calculates it at $41,209.27.

3. The Trustee avers that Debtor(s)' Plan is not feasible based upon the following:

   a. Insufficient Monthly Net Income as indicated on Schedules I and J.
   b. The Plan is ambiguous as to its base amount, as the base amount was left blank.

4. Trustee avers that Debtor(s)' Plan cannot be administered due to the lack of the following:

   a. The Debtor has not provided to the Trustee copies of 2023 Federal Income Tax returns as required by § 521(e)(2)(A).

5. The Trustee provides notice to the Court as to the ineffectiveness of Debtor(s) Chapter 13 Plan for the following reasons:

   a. Clarification of vesting of property. Because non-exempt equity exists, the Plan should provide for vesting at closing. Accordingly, the Plan violates § 1325(a)(4).

    b. Total of conduit payments is not listed in Section 2.D.
    c. Order of Distribution is incomplete.

WHEREFORE, Trustee alleges and avers that Debtor(s) Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

    a. Deny confirmation of Debtor(s) Plan.
    b. Dismiss or convert Debtor(s) case.
    c. Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/Douglas R. Roeder
Attorney for Trustee

# CERTIFICATE OF SERVICE

       AND NOW, this 13th day of December 2024, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

AMY GINSBURG
GINSBURG LAW GROUP, PC
653 SKIPPACK PIKE, SUITE 300-71
BLUE BELL, PA    19422-

                                          /s/Tammy Life
                                          Office of Jack N. Zaharopoulos
                                          Standing Chapter 13 Trustee